UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARUCH APPELDORFER | |
| Plaintiff | Case Number: |
| vs. | |
| RESURGENT CAPITAL SERVICES, LP | CIVIL COMPLAINT |
| Defendant | JURY TRIAL DEMANDED |

13 CV 0962

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Baruch Appeldorfer, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Baruch Appeldorfer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the New York General Business Law §349.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this district.

### III. PARTIES

4. Plaintiff, Baruch Appeldorfer, (hereafter, Plaintiff) is an adult natural person residing in Monroe, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Resurgent Capital Services, L.P., (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of South Carolina, with a primary location at 15 South Main Street, Ste. 600, Greenville, SC 29601.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about October 3, 2012 the Plaintiff started sending letters to old consumer debt collectors on his credit report.

8. On or about November 9, 2012 the Plaintiff sent a letter to the Defendant asking for validation. **See EXHIBIT "A" (notice) attached hereto.**

9. On or about January 3, 2013 the Defendant sent a letter back to the Plaintiff stating that LVNV Funding, LLC is the current creditor on this alleged consumer debt and HSBC was the original creditor. **See EXHIBIT "B" (notice) attached hereto.**

10. The letter continued on to explain that Arrow Financial Services, LLC had recently acquired this account.

11. The Plaintiff was said to owe a balance of $1,187.09, but the letter tells the Plaintiff to call 866-464-1187 to obtain the "exact" balance.

12. Between January 3rd and January 7th the defendant increased the balance owed for interest and other fees that were not part of the original agreement.

13. There was no contract for the increase in the balance.

14. The Defendant never explained their role in the collection of this said consumer debt.

15. Shortly after receiving the letter from the Defendant, he started to receive calls from phone number 866-464-1187.

16. On or about January 7, 2013 the Plaintiff received a letter from the Defendant asking the Plaintiff to call to set up a payment plan. **See EXHIBIT "C" (notice) attached hereto**

17. The Plaintiff still does not know who is the account holder of this alleged consumer debt.

18. The Plaintiff still is not sure of the correct amount of the alleged consumer debt.

19. The letters to the Plaintiff failed to contain the mini-Miranda warning: "This is an attempt to collect a debt".

20. The Plaintiff did not receive his 30-day validation or the right to dispute the consumer debt within 30 days.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt, especially that of one belonging to another.

22. The Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions

within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of its employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692b(2): Contact of Third Party: Stated that the consumer owes any debt

| | | |
|---|---|---|
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(11): | | Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt…communication is from a debt collector." |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| §§ 1692g: | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(a)(3): | | Must state Right to Dispute within 30 days |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### Violations of New York General Business Law §349

29.  Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

30.  Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

31.  GBL §349 provides in relevant part as follows:

(a)  Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)  This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h)  In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court

finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

32. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### III. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, P.C.**

Date: January 22, 2013

BY: /s/
Bruce K. Warren, Esquire

Warren Law Group, PC
53 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff

# EXHIBIT "A"

The *Fair Credit Reporting Act* allows only authorized inquiries to appear on the consumer credit report.

From:  November 19, 2012
Baruch Appeldorfer

Certified Mail # 7012 1010 0003 5808 9878

To:
RESURGENT CAPITAL SERVICES L.P.
15 S. Main Street, Suite 600
Greenville, SC  29601

Re:  Unauthorized Credit Inquiries.

Dear RESURGENT CAPITAL SERVICES L.P.

Kindly note that while checking my personal credit report which I acquired from Experian, I noticed a inquiry made by your organization.

The details of the inquiry are as follows: Inquiry made on October 15, 2012.

Since I have not approved your organization or any person associated with it to the best of my knowledge, you were not legally entitled to make these inquiries. Hence, I request you to contact the concerned credit bureau and the credit reporting agencies and remove the unauthorized hard inquiries as it violates the Fair Credit Reporting Act, Section **1681b(c):** Transactions Not Initiated by Consumer. I also request you to remove my personal information from your records after removing the unauthorized inquiries from my credit profiles as I never had any contracts, accounts, with your company. Please send me a written confirmation that you have kept my requests.  You are also financially harming me with this unauthorized inquiries, which is a strict violation of Title 48 FAR 50.201 and FCRA 604(A)(3).

If you believe that you possess sufficient documentation that supports your authorization to make the inquiry, I am requesting a general or specific certification as to what permissible purpose you may have had, please be kind enough to forward me a copy of that at my current address so that I may verify its validity.

If I do not have confirmation that you have deleted the inquiry or documentation that supports an authorized inquiry, then I will have no choice but to take all legal steps necessary to protect myself and you will be subject to a minimum fine of $1,000.00 for each violation, Attorneys fees and court cost.

November 19, 2012                         Respectfully submitted,


By:_____
Baruch Appeldorfer, authorized representative

# EXHIBIT "B"

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601


474295274

# RESURGENT
## Capital Services

Toll Free Phone:   1-866-464-1187
Toll Free Fax:     1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

January 3, 2013

Original Creditor: HSBC Bank Nevada, N.A.
Current Owner: LVNV Funding LLC
Account Number:
Balance: $1,187.09

VALVOD-CS-1          *A-01-VJD-AM-00118-3

BARUCH APPELDORFER



Dear Baruch Appeldorfer:

This account has been placed with Resurgent Capital Services L.P.

Please find the enclosed verification of debt.

If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Si usted no entiende el contenido de esta carta o tiene mas preguntas, por favor contacte a uno de nuestros representantes que hablan español al numero 1-866-464-1187.

For your convenience, you may submit your payment online at www.respay.com.

You may also send your payment to the address listed below:

Resurgent Capital Services L.P.
PO Box 10466
Greenville, SC 29603

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

**Verification of Debt**

**January 3, 2013**

**Baruch Appeldorfer**

LVNV Funding LLC currently owns account number [REDACTED]. This account was originated by HSBC Bank Nevada, N.A. and recently acquired from Arrow Financial Services, LLC. At that time, the balance was $1,186.84. As of the date of this communication, the account balance is $1,187.09. Because interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance to vary from day to day, you should contact us at 1-866-464-1187 to determine the exact balance.

# EXHIBIT "C"

15 S. MAIN ST., SUITE 600
GREENVILLE, SC 29601

**RESURGENT**
*Capital Services*

474295274

Toll Free Phone: 1-866-464-1187
Toll Free Fax: 1-866-467-0960

http://www.resurgent.com/

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

January 7, 2013

Original Creditor: HSBC Bank Nevada, N.A.
Current Owner: LVNV Funding LLC
Account Number:
Balance: $1,187.59

ARFOLL-CS-1                *A-01-YF0-AM-00404-4

BARUCH APPELDORFER



Dear Baruch Appeldorfer:

Information you provided regarding this account has been forwarded for review. However, we have since been unable to contact you to discuss this account.

If we are unable to establish contact with you within 30 days after receiving this notice, we may resume collections on your account.

Should you desire to pay off the account in full, you should contact us at 1-866-464-1187 to determine the payoff balance as interest, payments, credits, fees, and/or other permissible charges can continue to cause the account balance referenced above to vary from day to day.

Please contact us toll-free at 1-866-464-1187 so we may update your contact information and assist you in resolving this account.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

*Please read the following important notices as they may affect your rights.*