UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARUCH APPELDORFER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP,<br><br>　　　　　Defendant. | Civil Action No.: 7:13-cv-00962-ER |

**DEFENDANT RESURGENT CAPITAL SERVICES, LP'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

NOW COMES Defendant Resurgent Capital Services, LP ("Resurgent") which responds to Plaintiff's Complaint as follows:

## I. <u>INTRODUCTORY STATEMENT</u>

1.　Resurgent admits that plaintiff brings claims under the Fair Debt Collection Practices Act (FDCPA) and the New York General Business Law § 349, but denies any and all damages, liability and/or violations to the extent alleged in ¶ 1.

## II. <u>JURISDICTION</u>

2.　Resurgent admits the allegations in ¶ 2 for jurisdictional purposes only.

3.　Resurgent admits the allegation in ¶ 3 for venue purposes only.

### III.  PARTIES

4. Resurgent denies the allegations in ¶ 4 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

5. Resurgent admits the allegations in ¶ 5.

6. Resurgent admits that it engages in the collection of debt and further admits that when it acts as a debt collector as defined in 15 U.S.C. § 1692a(6), its debt collection activities may be regulated by certain provisions of the FDCPA. Except as specifically admitted, Resurgent denies the allegations in ¶ 6.

### IV.  FACTUAL ALLEGATIONS

7. Resurgent denies the allegations in ¶ 7 for lack of sufficient information to justify a reasonable belief therein.

8. Resurgent denies receipt of Exhibit "A".  However, Resurgent admits its records reflect receipt of correspondence from plaintiff to Arrow Financial Services requesting validation of the account documented on the Resurgent system on December 27, 2012.  Except as specifically admitted, Resurgent denies the allegations in ¶ 8.

9. Resurgent admits that it sent the correspondence identified as Exhibit "B".  Resurgent denies any remaining allegations in ¶ 9 and refers to document as the best evidence of its content.

10. Resurgent denies the allegations in ¶ 10.

11. The original correspondence speaks for itself and is the best evidence of its correspondence. To the extent that plaintiff states otherwise, Resurgent denies the allegations in ¶ 11.

12. Resurgent denies the allegations in ¶ 12.

13. Resurgent denies the allegations in ¶ 13.

14. Resurgent denies the allegations in ¶ 14.

15. Resurgent denies the allegations in ¶ 15 for lack of sufficient information to justify a reasonable belief therein.

16. Resurgent admits that it sent the correspondence identified as Exhibit "C". Resurgent denies any remaining allegations in ¶ 16 and refers to document as the best evidence of its content.

17. Resurgent denies the allegations in ¶ 17 for lack of sufficient information to justify a reasonable belief therein.

18. Resurgent denies the allegations in ¶ 18 for lack of sufficient information to justify a reasonable belief therein.

19. Resurgent relies upon the original correspondence to plaintiff as the best evidence of its contents. To the extent that plaintiff states otherwise, Resurgent denies the allegations in ¶ 19.

20. Resurgent denies the allegations in ¶ 20.

21. Resurgent denies the allegations in ¶ 21.

22. Resurgent denies the allegations in ¶ 22.

23. Resurgent denies the allegations in ¶ 23.

24. Resurgent denies the allegations in ¶ 24.

25. Resurgent denies the allegations in ¶ 25.

## COUNT I - FDCPA

26. Resurgent reasserts the foregoing as if fully incorporated herein.

27. Resurgent denies the allegations in ¶ 27 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

28. Resurgent denies violating any of the provisions of the FDCPA listed in ¶ 28.

In the paragraph beginning with WHEREFORE under Count I, Resurgent denies that plaintiff is entitled to the relief sought.

## COUNT II

### Violations of New York General Business Law § 349

29. Resurgent reasserts the foregoing as if fully incorporated herein.

30. Resurgent denies the allegations in ¶ 30 as calling for a legal conclusion.

31. New York General Business Law § 349 subsections (a), (g) and (h) speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, Resurgent denies the allegations in ¶ 31.

32. Resurgent denies the allegation in ¶ 32.

In the paragraph beginning with WHEREFORE under Count II, Resurgent denies that plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, Resurgent avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against Resurgent upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event Resurgent is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Resurgent, or for whom Resurgent is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Assuming Plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

WHEREFORE, Defendant Resurgent Capital Services, LP prays that this action be dismissed with prejudice and at Plaintiff's costs, and further that Resurgent be awarded its costs and attorneys fees and any other appropriate relief.

Dated:  April 15, 2013.                    /s/ Aaron R. Easley
                                           Aaron R. Easley, Esq. (ae9922)
                                           Sessions Fishman Nathan & Israel LLC
                                           200 Route 31 North, Suite 203
                                           Flemington, NJ 08822
                                           Telephone:  908-751-5940
                                           Facsimile:  908-751-5944
                                           E-mail:  aeasley@sessions-law.biz
                                           Attorneys for Defendant,
                                           Resurgent Capital Services, LP

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 15, 2013, I electronically filed a true and exact copy of the above and foregoing **RESURGENT CAPITAL SERVICES, LP.'s ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Bruce K. Warren
Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096

                                                    /s/ Aaron R. Easley
                                                    Aaron R. Easley, Esq.
                                                    Attorney for Defendant
                                                    Resurgent Capital Services, LP